PEB: USAO 2020R00813

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2021 MAR 25 PM 2: 44
CLERK'S OFFICE
AT BALTIMORE
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | CRIMINAL NO. CCB-21-075 |
|---|---|
| v. | (Transporting Explosives with Intent to Injure, 18 U.S.C. § 844(d); Use and Possession of a Destructive Device During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)(B)(ii); Felon in Possession of an Explosive, § 18 U.S.C. § 842(i)(1); Possession of an Unregistered Firearm/Destructive Device, 26 U.S.C. § 5841, 5861(d), and 5871; Aiding & Abetting, 18 U.S.C. § 2; Forfeiture) |
| CLAYTON ALEXANDER MCCOY, | |
| Defendant. | |

## INDICTMENT

### COUNT ONE
(Transporting Explosives with Intent to Kill, Injure, and Intimidate)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

1. **CLAYTON ALEXANDER MCCOY** ("MCCOY") was a resident of Chesterland, Ohio.

2. On or about October 30, 2020, **MCCOY** manufactured an improvised explosive bomb (which qualified as an "explosive," as that term is defined in 18 U.S.C. §§ 844(j) and 232(5)) at his residence located at 8100 Sherman Road, Chesterland, Ohio.

3. On or about October 30, 2020, **MCCOY** transported an improvised explosive bomb from his residence in Ohio to Victim A's residence in Manchester, Maryland.

4. On or about October 30, 2020, **MCCOY** used an improvised explosive bomb to injure Victim A and to damage Victim A's residence in Manchester, Maryland.

### The Charge

On or about October 30, 2020, in the District of Maryland, the defendant,

**CLAYTON ALEXANDER MCCOY,**

transported, received and attempted to transport and receive in interstate and foreign commerce, any explosive, that is, an explosive device subclassified as an explosive bomb, with knowledge and intent that the said explosive would be used to kill, injure, and intimidate Victim A and to unlawfully damage and destroy a building, vehicle, real property and personal property associated with Victim A, and personal injury resulted to Victim A as a direct or proximate result of the explosion.

18 U.S.C. § 844(d)
18 U.S.C. § 2

## COUNT TWO
(Use and Possession of a Destructive Device During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. On or about October 30, 2020, in the District of Maryland, the defendant,

**CLAYTON ALEXANDER MCCOY,**

did knowingly, intentionally, and unlawfully possess a destructive device during and in furtherance of a crime of violence, for which he may be prosecuted in a court of the United States, to wit, transportation of explosive materials with intent to kill, injure, and intimidate, in violation of 18 U.S.C. § 844(d), as set forth in Count One of this Indictment, which is incorporated here.

18 U.S.C. § 924(c)(1)(B)(ii)
18 U.S.C. § 2

## **COUNT THREE**
(Felon in Possession of an Explosive)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. On or about October 30, 2020, in the District of Maryland, the defendant,

**CLAYTON ALEXANDER MCCOY,**

knowing he had been previously been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly and unlawfully ship and transport and receive and possess any explosive, to wit, an explosive device subclassified as an explosive bomb, that had been shipped and transported in and affecting interstate and foreign commerce.

18 U.S.C. § 842(i)(1)
18 U.S.C. § 2

## COUNT FOUR
(Possession of an Unregistered Firearm/Destructive Device)

The Grand Jury for the District of Maryland further charges:

1. Paragraphs 1 through 4 of Count One are incorporated here.

2. On or about October 30, 2020, in the District of Maryland, the defendant,

**CLAYTON ALEXANDER MCCOY,**

knowingly received and possessed a firearm, that is a destructive device, as defined in Title 26, United States Code, Section 5845(f), not registered to him in the National Firearms Registration and Transfer Record.

26 U.S.C. §§ 5841, 5861(d), and 5871
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 844, 924(d), 981(a)(1)(C), and 982(a)(2)(B), 21 U.S.C. § 853(p), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c) as a result of the defendant's conviction under any of the offenses alleged in Counts One through Four of this Indictment.

2. Pursuant to 18 U.S.C. §§ 844(c), 981(a)(1)(C), and 982(a)(2)(B), and 28 U.S.C. § 2461(c), upon conviction of any of the offenses set forth in Counts One or Three of this Indictment, the defendant,

**CLAYTON ALEXANDER MCCOY,**

shall forfeit to the United States:

    a. Any property, real or personal, which constitutes or is derived from proceeds traceable to such offense and any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such offense; and

    b. Any explosive materials involved or used or intended to be used in any violation of the provisions of 18 U.S.C. § 841 *et seq.* or any other rule or regulation promulgated thereunder or any violation of any criminal law of the United States.

3. Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), upon conviction of the offense set forth in Count Two of this Indictment, the defendant,

**CLAYTON ALEXANDER MCCOY,**

shall forfeit to the United States any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924.

    4.    Pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), upon conviction of the offense set forth in Count Four of this Indictment, the defendant,

**CLAYTON ALEXANDER MCCOY,**

shall forfeit to the United States any firearm involved in any violation of the provisions of 26 U.S.C. § 5801 *et seq.*

    5.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 844(c)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
26 U.S.C. § 5872
28 U.S.C. § 2461(c)

                               *Jonathan F. Lenzner /*
                               Jonathan F. Lenzner
                               Acting United States Attorney

A TRUE BILL

_____
Foreperson
Date: March 25, 2021